IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ELIO DIAZ *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-15-0337 |
| NEFF & SON, INC., *t/a Chester River Landscaping et al.*, | * | |
|  | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

*I. Background*

In this case, Plaintiffs Elio Diaz, Christian Aguilar, Siloe Verduo, and Mariano Diaz, for themselves and on behalf of the Putative Plaintiffs, allege Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab & Empl. § 5-301 *et seq.* Defendants are Neff & Son, Inc., trading as Chester River Landscaping ("CRL"), Morton "Tony" Gibbons-Neff III, Donna P. Gibbons-Neff, and Morton "Stormy" Gibbons-Neff IV. (Compl., ECF No. 1.) Plaintiffs allege Defendants failed to pay them for overtime hours Plaintiffs worked during the period of February 5, 2012, through February 5, 2015. (*Id.* ¶¶ 10, 11.)

Pending before the Court is Defendants' motion to dismiss or, in the alternative, for summary judgment. (ECF No. 12.) It has been briefed (ECF Nos. 16 and 17), and no hearing is necessary, Local Rule 105.6 (D. Md. 2014). The motion will be denied.

## II. Standard of Dismissal for Failure to State a Claim

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

## III. Standard for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere

existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

## IV. *Allegations of the Complaint*

Plaintiffs allege Defendant CRL is a corporation and its principal business is the operation of a landscaping service located in Chestertown, Maryland. (Compl. ¶ 5.) They allege they were employed by Defendants at an hourly rate, were paid on a weekly basis, worked more than forty hours in at least one work week of the period in question, and were not paid for overtime work at the required overtime rate. (*Id.* ¶¶ 13, 14.) Specific allegations are made about each named Plaintiff and the Putative Plaintiffs:

- Throughout the entire period of approximately June 2012 until January 28, 2015 ("Tenure of Employment"), Plaintiff Elio Diaz worked as a landscaper. He primarily performed non-managerial and non-exempt work involving such tasks as mowing lawns, landscaping, mulching, and related landscaping tasks. Plaintiff Elio Diaz nominally supervised a group of employees, but he was paid on an hourly basis during his entire Tenure of Employment. (*Id.* ¶ 20.)

- Throughout the entire period of approximately January 6, 2014 until January 27, 2015 ("Tenure of Employment"), Plaintiff Christian Aguilar aka "Pedro Rodriguez" worked as a landscaper. He primarily performed non-managerial and non-exempt work involving such tasks as installing pavers, brick sidewalks, fencing, and related landscaping tasks. Plaintiff Christian Aguilar was paid on an hourly basis during his entire Tenure of Employment. (*Id.* ¶ 21.)

- Throughout the entire period of approximately March 2011 until January 27, 2015 ("Tenure of Employment"), Siloe Verduo worked as a landscaper. He primarily performed non-managerial and non-exempt work involving such tasks as mowing lawns, planting trees, planting sod, mulching, and related landscaping tasks. Plaintiff Siloe Verduo was paid on an hourly basis during his entire Tenure of Employment. (*Id.* ¶ 22.)

- Throughout the entire period of approximately November 2012 until January 27, 2015 ("Tenure of Employment"), Plaintiff Mariano Diaz worked as a landscaper. He primarily performed non-managerial and non-exempt work involving such tasks as planting trees, planting sod, mulching, and related landscaping tasks. Plaintiff Mariano Diaz was paid on an hourly basis during his entire Tenure of Employment. (*Id.* ¶ 23.)

- Throughout the period beginning from their respective dates of hire until February 5, 2015 ("Tenures of Employment"), the Putative Plaintiffs worked as landscaping employees paid at an hourly rate. Each primarily performed non-managerial and non-exempt work involving such tasks as mowing lawns, planting trees, planting sod, mulching, installing pavers, brick sidewalks, fencing, installing and maintaining irrigation systems and related landscaping tasks[.] The Putative Plaintiffs had no employees they supervised, had no authority to hire, fire or discipline other employees, and Defendants never sought Putative Plaintiff[s'] recommendations or suggestions regarding hiring, firing or discipline of other employees. (*Id.* ¶ 24.)

*V. Analysis*

Defendants' motion is premised upon their argument that Plaintiffs are subject to the FLSA's agricultural exemption and, therefore, not entitled to overtime wages. (Defs.' Mot. Supp. Mem. 5, ECF No. 12-1.) Under the FLSA, the requirement for an employer to pay overtime wages for hours worked in excess of forty per workweek does not apply to "any employee employed in agriculture." 29 U.S.C. § 213(b)(12). "Agriculture" is defined as follows:

> "Agriculture" includes farming in all its branches and among other things includes the cultivation and tillage of the soil, dairying, *the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities* (including commodities defined as agricultural commodities in section 1141j(g) of title 12), the raising of livestock, bees, fur-bearing animals, or poultry, *and any practices* (including any forestry or lumbering operations) *performed by a farmer or on a farm as an incident to or in conjunction with such farming operations, including preparation for market, delivery to storage or to market or to carriers for transportation to market*.

4

29 U.S.C. § 203(f) (emphasis added).

The official interpretations of the FLSA by the Department of Labor ("DOL") are embodied in the Code of Federal Regulations "(C.F.R.)" and reflect the incorporation of pertinent case law.  Several provisions are relevant to the resolution of Defendants' motion.  One provision assigns a primary meaning to the term "agriculture" that includes "the production, cultivation, growing, and harvesting of any agricultural or horticultural commodities" and concludes that any employee engaged in such activities is employed in agriculture "regardless of whether he is employed by a farmer or on a farm."  29 C.F.R. § 780.105(b).  The same provision assigns a secondary meaning to the term "agriculture" for "any practices, whether or not they are themselves farming practices, which are performed either by a farmer or on a farm as an incident to or in conjunction with" farming operations other than those that fall within the primary meaning of the term.  *Id.* § 780.105(c).

In another provision, the DOL specifies in relation to the primary meaning, "The words 'production, cultivation, growing' describe actual raising operations which are normally intended or expected to produce specific agricultural or horticultural commodities."  *Id.* § 780.117(a).  Also, the term "harvesting" as used in the FLSA "includes all operations customarily performed in connection with the removal of the crops by the farmer from their growing position . . . [such as] the digging up of shrubs and trees grown in a nursery."  *Id.* § 780.118(a).

To come within the secondary meaning of "agriculture,"

> a practice must be performed either by a farmer or on a farm.  It must also be performed either in connection with the farmer's own farming operations or in connection with farming operations conducted on the farm where the practice is performed.  In addition, the practice must be performed "as an incident to or in conjunction with" the farming operations.  No matter how closely related it may be to farming operations, a practice performed neither by a farmer nor on a farm is not within the scope of the "secondary" meaning of "agriculture.

5

*Id.* § 780.129.

> To qualify as an activity performed by a "farmer," the DOL notes that term is, in essence,
>
> an occupational title and the employer must be engaged in activities of a type and to the extent that the person ordinarily regarded as a "farmer" is engaged in order to qualify for the title. If this test is met, it is immaterial for what purpose he engages in farming or whether farming is his sole occupation. Thus, an employer's status as a "farmer" is not altered by the fact that his only purpose is to obtain products useful to him in a non-farming enterprise which he conducts. *For example, an employer engaged in raising nursery stock is a "farmer" for purposes of section 3(f) even though his purpose is to supply goods for a separate establishment where he engages in the retail distribution of nursery products.*

*Id.* § 780.130 (emphasis added). Further, the term "farmer" includes the employees of a farmer. *Id.* § 780.132. To fall within the phrase "as an incident to or in conjunction with" farming operations, "a practice performed in connection with farming operations is within the statutory language only if it constitutes an established part of agriculture, is subordinate to the farming operations involved, and does not amount to an independent business." *Id.* § 780.144. Whether the practice in question is a part of the agricultural activity or is a distinct business activity is determined by reference to "all the relevant facts and circumstances." *Id.* § 780.145. This determination involves a host of factors including *inter alia* the common understanding and the prevalence of its performance by farmers as well as the size of the operations and respective sums invested in land, buildings, equipment, and payroll for regular farming operations versus those for the practice in issue.

With particular reference to nursery and landscaping operations, the DOL has promulgated various provisions. Two of these follow:

> **Nursery activities generally.**
>
> The employees of a nursery who are engaged in the following activities are employed in "agriculture":

    (a) Sowing seeds and otherwise propagating fruit, nut, shade, vegetable, and ornamental plants or trees (but not Christmas trees), and shrubs, vines, and flowers;

    (b) Handling such plants from propagating frames to the field;

    (c) Planting, cultivating, watering, spraying, fertilizing, pruning, bracing, and feeding the growing crop.

Id. § 780.205.

**Planting and lawn mowing.**

    (d) The planting of trees and bushes is within the scope of agriculture where it constitutes a step in the production, cultivation, growing, and harvesting of agricultural or horticultural commodities, or where it constitutes a practice performed by a farmer or on a farm as an incident to or in conjunction with farming operations (as where it is part of the subordinate marketing operations of the grower of such trees or bushes).  Thus, employees of the nurseryman who raised such nursery stock are doing agricultural work when they plant the stock on private or public property, trim, spray, brace, and treat the planted stock, or perform other duties incidental to its care and preservation.  Similarly, employees who plant fruit trees and berry stock not raised by their employer would be considered as engaged in agriculture if the planting is done on a farm as an incident to or in conjunction with the farming operation on that farm.

    (e) *On the other hand, the planting of trees and bushes on residential, business, or public property is not agriculture when it is done by employees of an employer who has not grown the trees and bushes, or who, if he has grown them, engages in the planting operations as an incident, not to his farming operations, but to landscaping operations which include principally the laying of sod and the construction of pools, walks, drives, and the like.*

    (f) *The mowing of lawns, except where it can be considered incidental to farming operations, is not agricultural work.*

Id. § 780.206 (emphasis added).

An employer bears the burden of proof on a claimed exemption to the FLSA.  *Darveau v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008).  Moreover, FLSA exemptions are "narrowly construed against the employers seeking to assert them and their application limited to those

establishments plainly and unmistakably within the exemptions' terms and spirit." *Id.* at 337-38 (internal quotation marks and alteration omitted).

Construing Defendants' motion as one to dismiss for failure to state a claim under Rule 12(b)(6), the Court concludes the motion should be denied. According to Defendants, because Plaintiffs alleged they performed landscaping, mulching, planting trees, planting sod, and related landscaping tasks, they therefore fall within the agricultural exemption and their complaint must be dismissed. (Defs.' Mot. Supp. Mem. 2.) Defendants' argument seems to ignore the nuanced determination called for by the governing regulations. While some landscaping operations might be considered incidental to farming operations, some other landscaping operations might not be similarly considered. The judgment as to whether the agricultural exemption applies is one based upon facts and circumstances. It is not appropriate for the Court to resolve that question at this early stage of the proceedings.

In addition, the Court notes Defendants' mischaracterization of the cases it cites in its reply for the incorrect principle that Plaintiffs are required to plead they are nonexempt. (*See* Defs.' Reply 3-4, ECF No. 17.) Plaintiffs are only required to meet the requirements of Rule 8(a). None of the cases Defendants cite on this point have mandated a heightened pleading requirement for FLSA cases. Nor has the Court found such a requirement in either the FLSA statute or case law. *See generally* 5B Wright & Miller § 1357, at 732 (3d ed. 2004 & Supp. 2015) ("Rule 8 announces a pleading standard that is applicable to all cases except those governed by Rule 9(b) or a heightened pleading requirement in a federal statute."), *cited in Hatfill v. New York Times Co.*, 416 F.3d 320, 330 (4th Cir. 2005).

Because Defendants have alternatively requested summary judgment, the Court considers the affidavit of one of the Defendants, Morton Gibbons-Neff IV, as well as the affidavit offered

by Plaintiffs of Siloe Verduo, who is one of the named Plaintiffs. The Defendants' affidavit truly raises more questions than it provides answers. It is phrased in general terms and does not offer the factual detail necessary to resolve the issue of whether Defendants are entitled to claim the agricultural exemption either in whole or in part. This issue will only be resolved after full factual development through discovery.

## *VI. Conclusion*

Defendants have failed to establish their entitlement either to dismissal or to summary judgment. Accordingly, IT IS HEREBY ORDERED:

1. Defendants' motion to dismiss or, in the alternative, for summary judgment (ECF No. 12) IS DENIED.
2. Defendants SHALL ANSWER in accordance with Rule 12(a)(4)(A).

DATED this 25th day of August, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge