IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ELIO DIAZ** *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-15-0337 |
| **NEFF & SON, INC.,** *t/a Chester River Landscaping et al.*, | * | |
|  | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Pending before the Court is a Joint Motion to Approve Settlement. (ECF No. 20.) The Court has reviewed it and concludes it is, with one qualification, a fair and reasonable resolution of Plaintiffs' claims in this case premised upon the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 5-301 *et seq.* The settlement has occurred at an early juncture of the case before the anticipated expenditure of considerable resources on discovery and further proceedings. It appropriately provides for a somewhat discounted payment of all sums at issue in the case, including back wages, liquidated damages under both federal and state law, attorney's fees, and costs. Plaintiffs have been advised by counsel who has familiarity and experience in this type of case.

Only one provision is problematic, and that is Paragraph Number 2, titled Limited Non-Disclosure. More particularly, the first two sentences of that paragraph pose a problem. They provide as follows:

> Plaintiffs will not affirmatively disclose the terms of the settlement except to their attorneys, financial advisors, tax advisors and family members. Plaintiffs also agree that if any person associated or affiliated currently, or in the past with Neff inquires about this settlement, they respond by saying that the matter was concluded to the mutual satisfaction of the parties.

(Sett. Agrmt. ¶ 2, ECF No. 20-1.) Later, the agreement also provides a cause of action if any party breaches any obligation under the agreement. (*Id.* ¶ 5.) Thus, if Plaintiffs were to disclose the terms of the settlement agreement to anyone other than "their attorneys, financial advisors, tax advisors and family members," Defendants could sue them for breach of contract.

This sort of restriction, whether labelled "confidentiality" or "limited nondisclosure," is unacceptable under governing law. It contravenes the FLSA's important purposes of encouraging public and private enforcement of its protections for the payment of fair wages to laborers. *See Carpenter v. Colonial Mgmt. Group, LP*, Civ. No. JKB-12-0686, 2012 WL 2992490, at *2 (D. Md. July 19, 2012). This is especially so given the possibility that other employees of Defendants may be similarly situated to Plaintiffs. The parties have set forth no compelling reason for this restriction. *See Salamone v. Baltimore Diamond Exch., Inc.*, Civ. No. JKB-14-1507, 2014 WL 2930788, at *1 (D. Md. June 27, 2014). *See also Galvez v. Americlean Servs. Corp.*, Civ. No. 11-1351 (JCC/TCB), 2012 WL 1715689, at *4 (E.D. Va. May 15, 2012) (parties cited no interests in maintaining confidentiality sufficient to override FLSA's policy of transparency). Further, this settlement agreement is a matter of public record, so the first two sentences of Paragraph Number 2 are of no practical effect. Consequently, the Court concludes that this excerpt of the settlement agreement is null and void.

Otherwise, the settlement agreement is acceptable to the Court and shall be approved by separate order.

DATED this 9th day of September, 2015.

                                              BY THE COURT:

                                              _____/s/_____
                                              James K. Bredar
                                              United States District Judge